This proceeding started as a mortgage foreclosure via executiva, in the Parish of Terrebonne, in the month of January, 1938. The mortgage foreclosed on was one securing an indebtedness of $1500 as represented by a note for that amount, dated Morgan City, Louisiana, March 17, 1930, and paraphed "Ne Varietur" to be identified with the act of special mortgage executed on the same day, on a certain gas screw or vessel named "Juanita". The original act of mortgage is annexed to the petition and on examining it, we find that it was executed in Morgan City under an act of private signature before two witnesses and then acknowledged by the parties who signed the same before a Notary Public. A reading of the act clearly indicates that it was prepared and given in accordance with the Act of Congress which, although not specifically referred to, is admittedly the one known as the "Ship Mortgage Act, 1920".
The note bears numerous endorsements which show that it had been kept alive, and although in the first pleading filed on behalf of the defendant the prescription of 5 years against the act of chattel mortgage alleged to be declared on was urged, coupled with a plea to the effect that the mortgage had never been recorded in the mortgage records of the Parish of Terrebonne and it is not a legal, notarial act, these are no longer issues in the case.
These pleas and exceptions were tried, submitted and overruled in the trial court and from that ruling the defendant took and was granted a suspensive appeal to this court. That appeal however never seems to have been perfected and the defendant, instead, filed a petition for an injunction based on the allegations that the act of mortgage foreclosed on shows on its face *Page 94 
that it is not authentic in form and that it did not import a confession of judgment as required by Articles 732 and 733 of the Code of Practice, in order to support executory process. It is also alleged that the mortgagees have no lien on the boat for the reason that the act of mortgage was not recorded in the parish records of the Parish of Terrebonne, and that its inscription, being more than five years old, has perempted. There are several other allegations contained in the petition for an injunction which it is unnecessary to refer to for the reason that apparently the foreclosing creditor, after having filed various pleas and exceptions, and also an answer to the rule for injunction which had issued, next appeared into court and asked that leave be granted to discontinue the action for executory process and to convert the same to a proceeding via ordinaria. Leave of court having been granted, plaintiff then filed an additional petition under the allegations of which it is again clearly apparent that the mortgage is treated as one given under the provisions of the Act of Congress already referred to, and after praying for service of citation on the defendant, asked that there be judgment rendered in their favor and against the defendant for the balance claimed to be due on the note, with interest and attorneys fees. They further prayed that the special lien and privilege of the mortgage upon the vessel "Juanita" to secure the payment of the note be recognized and maintained upon the said vessel and that in accordance with law the same be sold by the Sheriff of Terrebonne Parish, at public auction, and that out of the proceeds of sale they be paid the amount of their claim by preference and priority over all other persons.
To this last petition the defendant filed an exception to the jurisdiction of the court over the subject matter of the suit for the reason that plaintiff had declared on a mortgage under the Act of Congress known as the Ship Mortgage Act, 1920 or the Act of June 5, 1920, 46 U.S.C.A. §§ 911 to 984, which gives original jurisdiction to suits brought under its provisions to the district courts of the United States, exclusively.
On the trial of that plea, the plaintiffs contended that inasmuch as they had abandoned the executory proceeding first initiated and were now seeking a judgment in personam against the defendant, the district court of the Parish of Terrebonne, where defendant had his domicile, is vested with jurisdiction. Whilst that is so, as stated by the trial judge, plaintiffs nevertheless seek in their petition to have the mortgage securing the note sued on recognized and made executory via ordinaria. Under the circumstances, he held that he had no alternative but to follow the Act of Congress which provides that in all suits arising under the act, seeking the enforcement of the lien arising out of the mortgage, original jurisdiction is granted to the district court of the United States, exclusively. He accordingly sustained the plea to the jurisdiction and dismissed the suit, whereupon plaintiffs took this appeal.
In American Jurisprudence, Vol. 1, p. 569, sec. 39, under the title Admiralty, it is stated that an ordinary mortgage of a vessel, whether executed to secure its purchase money or to raise money for general purposes, is not a maritime contract and that a court of admiralty has therefore no inherent jurisdiction of a libel to foreclose it. The authority then goes on to state: "By virtue of congressional enactment, however, jurisdiction is conferred upon admiralty courts to foreclose certain specified types of mortgages, no condition or qualification being made as to the purpose for which the money secured by the vessel was used, whether maritime or nonmaritime. The jurisdiction so granted to admiralty courts is exclusive, and if a mortgage is within the act, no suit can be maintained in a state court to foreclose it." As shown in a foot-note under the section, the congressional enactment referred to is, of course, the Ship Mortgage Act, 1920.
By sec. 30, subsec. C of that Act, 46 U.S.C.A. § 921, it is provided that "no sale, conveyance, or mortgage which, at the time such sale, conveyance, or mortgage is made, includes a vessel of the United States, or any portion thereof * * * shall be valid, in respect to such vessel, against any person other than the grantor or mortgagor, his heir or devisee, and a person having actual notice thereof, until such bill of sale, conveyance, or mortgage is recorded in the office of the collector of customs of the port of documentation of such vessel, as provided in subdivision (b) of this subsection." Subdivision (b) prescribes the duties of the collector of customs in recording the bill of sale or act of mortgage after the same has been delivered to him. *Page 95 
Under subsection B which contains a definition of the terms used in the Act, the term "vessel of the United States" is said to mean "any vessel documented under the laws of the United States and such vessel shall * * * continue to be so documented until its documents are surrendered with the approval of the board." It would seem therefore that the vessel mortgaged in the act of mortgage under consideration in this case, which, as appears from the act of mortgage itself, is a vessel of the United States, licensed at the Port of New Orleans, Louisiana, was a proper object of mortgage under the Act of Congress.
By subsection D of the Act, however, there are certain other provisions under which, with regard to a certain class of vessel and under certain specified conditions, a mortgage given on the same enjoys a "preferred status" which is not obtained in other mortgages and indeed the whole purpose of the Act seems to be to provide for this special type of "preferred mortgage." Under subsection K of the Act, original jurisdiction of all suits to enforce the lien growing out of a preferred mortgage "is granted to the district courts of the United States exclusively."
Among the requirements prescribed by subsection D for a mortgage to have the preferred status therein provided, we find that at the time it is made, it must include the whole of any vessel of the United States of 200 gross tons and upwards, as distinguished from the mortgage provided for in subsection C which can cover either the whole or any part of any vessel of the United States apparently of a lesser tonnage, and that in addition several other minute conditions be complied with, one in particular being that the mortgage does not stipulate that the mortgagee, who incidently has to be a citizen of the United States, waives the preferred status thereof.
Because the vessel mortgaged in the act of mortgage under consideration in this case, is one of only 11.92 gross tons and because the act of mortgage itself does not comply with the conditions enumerated in subsection D, it is now urged on behalf of the plaintiffs that the mortgage is not a "preferred mortgage" as defined under that section and consequently the present suit having for its object the enforcement of the lien arising out of it, does not enjoy the exclusive jurisdiction of the district court of the United States as granted by subsec. K of the Act, and that jurisdiction lies in the State district court. After considering the question we find that counsel's position is well taken and have concluded that jurisdiction does not lie exclusively in the admiralty court and that the State district court of the Parish in which the defendant has his domicile is vested with jurisdiction certainly in respect to the demand made against him in personam and also to pass on the question of whether the mortgage is a legal one, enforceable under the laws of this State.
Undoubtedly, in our opinion, there are two types of mortgage provided for in the Ship Mortgage Act; one that can bear on any vessel, or portion thereof, that is documented under the laws of the United States and which complies with the provisions regarding the recording of the act of mortgage in the office of the collector of customs of the port of documentation, and the other, a mortgage which can only bear on a vessel of 200 gross tons and upwards and in which the act must also be recorded as the other, but in addition has to comply with several other more rigid requirements. The latter, as has already been indicated, is the type known as a "preferred mortgage". It appears that by the Act of June 27, 1935, Congress amended subsection D of the Ship Mortgage Act, 1920, 46 U.S.C.A. § 922, making its provisions apply to all vessels of less than 200 gross tons other than certain classes therein enumerated, but as the mortgage in this case was granted in March, 1930, it was not affected by the change in the law.
The distinction between the two kinds of mortgage under the Act has been drawn in several cases, two of which we think it will suffice to refer to. One is the case of Detroit Trust Co. v. Barlum S.S. Co., 293 U.S. 21, 55 S.Ct. 31, 79 L.Ed. 176, and the other a case entitled The Mariam (Allen v. United States), 9 Cir., 66 F.2d 899.
In the Barlum case, the United States Supreme Court seems to have left no doubt whatever that it is only the "preferred mortgage" as defined under the Act that enjoys the exclusive jurisdiction of the admiralty court. After stating that "`preferred mortgages' are carefully defined in the detailed provisions of subsec. D" [293 U.S. 21, 55 S.Ct. 33, 79 L.Ed. 176] and that subsection K which confers jurisdiction in the enforcement of the liens granted by such mortgages has reference only to what are "preferred mortgages" as defined under *Page 96 
that subsection, the opinion goes on to state further: "The grant is thus one of exclusive jurisdiction to enforce the lien of a `preferred mortgage'. If the mortgage is a preferred mortgage within the definition of the Act, jurisdiction is granted; otherwise not."
The case of The Mariam, in which the decision was by one of the Circuit Courts of Appeal of the United States, makes it very plain that there are two different types of mortgage contemplated under the Act. The case involved the interpretation of subdivision (b) of subsection O, Section 30 of the Act, 46 U.S.C.A. § 961 (b), which reads as follows: "The interest of the mortgagee in a vessel of the United States covered by a mortgage, shall not be terminated by the forfeiture of the vessel for a violation of any law of the United States, unless the mortgagee authorized, consented, or conspired to effect the illegal act, failure, or omission which constituted such violation." Libel had been brought for the forfeiture of a vessel, which was one of less than 200 gross tons, on the ground that some fraudulent act had been committed by one of the owners in having the same registered, and the holder of the mortgage, which, like the one in this case, had been duly recorded in the office of the collector of customs at the home port of the vessel, intervened in the proceeding claiming his part of the proceeds in the distribution of the funds. There was an opposition urged by the Government on the ground that the mortgage was not a "preferred mortgage" within the definition of that term in the Act. As stated in the opinion, the trial court had assumed that subdivision (b) of subsection O applied only to a "preferred mortgage" as expressly authorized and defined in subdivision (a) of subsection D. In commenting on this last provision of the Act, the Court stated [66 F.2d 900]: "This section expressly recognizes that there are valid mortgages upon vessels which are not, and some which cannot become, preferred mortgages. The latter is true of all mortgages upon vessels ofunder 200 tons gross. * * * It appears from the memorandum opinion in the transcript that the trial judge was of opinion that the answer failed to allege that the claimant held a `preferred mortgage', as defined by the ships mortgage act, and for that reason held that the mortgage in question was not protected by subdivision (b) of section (O) * * *. The appellee argues in effect that the context of the ships mortgage act clearly indicates that the omission of the word `preferred' in the subdivision is a mere inadvertence. We can see no basis forthe contention and no justification for a departure from theplain language of the statute which clearly distinguishes betweena mortgage and a preferred mortgage. On the contrary, the same reason which would incline Congress to relieve the holder of a preferred mortgage from the effects of foreclosure of a vessel to the government, would be equally applicable in the case of a mortgage which is not preferred, and in view of the fact that amortgage upon a vessel of under 200 tons could not be given thestatus of a preferred mortgage under the statute, clearly indicates a reason for the omission of the word `preferred' in subdivision (b), supra, relieving the holder of a mortgage from foreclosure when he is without fault." (All italics ours.)
In the light of these authorities and in view of the fact that the vessel involved in this proceeding is one of under 200 tons we conclude that the mortgage sought to be enforced is not a "preferred mortgage" under the Act of Congress and for that reason, jurisdiction of the case does not lie exclusively in the admiralty court. The State court is vested with jurisdiction to entertain the suit and consequently the judgment of the lower court which sustained the plea to the jurisdiction was in error and it will have to be reversed.
For the reasons stated, it is now ordered that the judgment appealed from be and the same is hereby reversed, set aside and annulled and it is further ordered that this case be remanded to the district court for further proceedings according to law.
All costs of this appeal to be paid by the defendant, appellee, and all other costs to abide final determination of the suit. *Page 132